UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**DARVIN DAHL, individually and on behalf of all those similarly situated,**

    Plaintiff,

v.                                                                         No. 2:22-CV-00252 GJF/DLM

**PETROPLEX ACIDIZING, INC.,**

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

**THIS MATTER** is before the Court upon the Defendant's Motion for Certification of Interlocutory Appeal. ECF 55. Being fully advised in the premises and noting that the Motion is unopposed, the Court finds the Motion is well taken and should be granted.

The Court finds, based on its January 2, 2024 Memorandum Opinion and Order Granting in Part and Reversing in Part Plaintiffs' Motion for Conditional Certification ("Order") [ECF 50], that interlocutory appeal is proper here. Interlocutory appeal is proper if a court finds that its order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For the reasons discussed in the Order, this Court concludes that all three factors are met here. First, as the Court explained, the Order involves a controlling legal question: whether *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255 (2017), applies to an FLSA collective—a jurisdictional question that can be decided without further factual development. *See* Order at 12-13. Second, the Order makes clear that there is substantial ground for difference of opinion over this question: the Courts of Appeals have split, there is "persuasive authority" to support both sides, and the Tenth Circuit has not yet weighed in on the issue. *Id.* at 14-15. Finally, as the Court's Order noted, this issue "informs the proper scope of the collective and the corresponding notice to be

issued, *Id.* at 1-3, which means that a decision on interlocutory appeal would materially advance the ultimate termination of the litigation.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Certification of Interlocutory Appeal is **GRANTED**. The Court hereby **CERTIFIES** its January 2, 2024 Memorandum Opinion and Order Granting in Part and Reversing in Part Plaintiffs' Motion for Conditional Certification [ECF 50] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The Court's January 2, 2024 Memorandum Opinion and Order Granting in Part and Reversing in Part Plaintiffs' Motion for Conditional Certification [Doc. 50] is **AMENDED** as follows: the Court's decision that the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255 (2017), does not apply to FLSA collective actions involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**IT IS FURTHER ORDERED** that Defendant's petition for an interlocutory appeal must be filed with the Tenth Circuit Court of Appeals within ten (10) days of entry of this Order, and all proceedings at the District Court shall be STAYED pending the Tenth Circuit's review of the matter.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE